**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

          **Plaintiff,**

**-vs-**                                              **Case No.   CR-3-04-0052**

**RANDY WHITE**

          **Defendant.**

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE (DOC. #43) AND GRANTING THE GOVERNMENT'S MOTION IN LIMINE (DOC. #45)**

---

      The Defendant, Randy White, by and through counsel filed a Motion in Limine (Doc #43) requesting the Court to order exclusion from the trial in this matter any testimony and evidence offered by the government regarding the display of images, some duplicates, not particularized in the indictment and recovered from Defendant's computer or the CD-Rom recovered in Defendants motel room, as multiple and sometimes duplicate displays that would be cumulative and risk prejudicing Defendant at trial. Further the Defendant requested exclusion of any evidence of Defendant's prior conviction for having a weapon while under disability and testimony related thereto, as it is irrelevant to the instant case. Finally the Defendant requests exclusion of any evidence of Defendant's prior sexual offenses, and testimony related thereto, as they are more prejudicial than probative.

      The Government, by and through counsel also filed a Motion in Limine (Doc. #45) requesting the Court to deny Defendant's Motion in Limine allowing them to present 53 images (24 of which are duplicates) and to permit the introduction of the Defendant's past criminal convictions for child molestation offenses.

      As to the images not particularized by the indictment, in Count 3 of the indictment the Court found said images are relevant to the Defendant's knowledge with regard to the violation

alleged under 18 U.S.C. 2252(a)(4)(B) and (b)(2).  The jury indeed was entitled to view these images which are the essence of the crime.  The fact that the images were contained on both a CD and on Defendant's computer hard drive may be relevant to knowledge.

The government proposed to offer 29 images of child pornography found on a CD and 24 images of child pornography found on the hard drive of a computer found in Defendant's room, a number of those images on the CD and hard drive being duplicative.  Although the Court, after considering Federal Rules of Evidence 401, 402 and 403 found the images relevant to knowledge, probative and not unfairly prejudicial, the Court found that duplicates of the same picture could amount to a danger of unfair prejudice that could outweigh the probative value of the duplicate evidence.

Therefore, the Court GRANTED the Defendant's Motion in Limine to the extent that no duplicate images contained on the disc and computer hard drive, allegedly found in Defendant's room, could be presented.  However, the Court DENIED Defendant's Motion in Limine to the extent that the images (not duplicates) were presented.  Depending on the presentation of evidence at trial, the Court could revisit the order.

As to the prior conviction for having a weapon under disability and testimony relating thereto, the Government prior to trial indicated it would not attempt to present such evidence.  Based upon that representation, the Court GRANTED Defendant's Motion in Limine barring this prior conviction and the testimony relating thereto.

Finally, as to evidence of Defendant's prior sexual offenses and testimony related thereto the Court considered Federal Rules of Evidence 414(a) which provides that "in a criminal case in which the defendant is accused of an offense of child molestation evidence of the Defendant's commission of another is admissible and may be considered for its bearing on any matter to which it is relevant".  As the government pointed out, Subsection (d) defines "offense of child molestation" as "a crime under Federal Law or the law of a State . . that involved . . . (2) any conduct proscribed by Chapter 110 of Title 18, United States Code".

The charges against the Defendant are crimes under Chapter 110 of Title 18 of the United States Code, to wit: 18 U.S.C. Section 2251 and 2252.  The convictions the government sought to introduce were counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance in violation of Ohio Revised Code Section 2907.323(A)(3).

Pursuant to Federal Rule of Evidence 414, such evidence is admissible if a Defendant is accused of an offense of child molestation, the proffered evidence is Defendant's commission of another offense of child molestation, the proffered evidence is relevant and a Rule 403 balancing test is applied.

In this case, there is no question that the accusations against the Defendant were of child molestation and the proffered evidence was that of past offenses of child molestation, as defined by Federal Rule of Evidence 414(d).  The Court further determined that said evidence is relevant in that said previous convictions, which are virtually the same as the charges in Count 3 showed not only propensity but also go to knowledge and intent.

The Court would further note that these prior offenses took place only a few years prior to the allegations here and said evidence was in the form of certified court records, reducing the possibility of confusion and increasing the reliability of such evidence.

The Court found pursuant to Federal Rule of Evidence 403 that the introduction of relevant material to be of great probative value which is in no way substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

Defendant's Motion in Limine (Doc. #43) as to evidence of these prior sexual offenses is DENIED while the Government's Motion in Limine (Doc. #45) as to the prior sexual offenses is GRANTED.

IT IS SO ORDERED.

November 15, 2005                                             s/Thomas M. Rose
                                                              _____
                                                              JUDGE THOMAS M. ROSE
                                                              United States District Court