# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,          :         Case No. 3:04-cr-052
                                                           Also Case No. 3:10-cv-073

                                                      District Judge Thomas M. Rose
     -vs-                                    Magistrate Judge Michael R. Merz
                                        :

RANDY WHITE,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 89). In the Southern District of Ohio, all such motions are referred in the first instance to a magistrate judge.

Rule 4(b) of the Rules Governing § 2255 Motions requires an initial review of such motions by the Court to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. . . ." Among the matters properly considered on initial review, prior to any answer by the United States, is whether the Motion has been timely filed. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

28 U.S.C. § 2255(f) provides a one-year statute of limitations on § 2255 motions, running from the latest of

       (1) the date on which the judgment of conviction becomes final;

1

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The applicable date in this case is the date on which the judgment of conviction became final which was January 7, 2008[1], ninety days after the Sixth Circuit affirmed the judgment (Doc. No. 85). The statute thus ran on January 7, 2009. The Motion to Vacate was not filed until February 25, 2010, more than a year later.

Defendant, however, claims the benefit of the equitable tolling doctrine, relying on *Pace v. DiGugliemo*, 544 U.S. 408 (2005); *Solomon v. United States,* 467 F.3d 928 (6th Cir. 2006); and *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). In both *Pace* and *Lawrence v. Florida*, 549 U.S.327 (2007), the Supreme Court assumed without deciding that equitable tolling was available for habeas petitions. The Court has granted certiorari in an equitable tolling case, *Holland v. Florida*, Case No. 09-5327, and may decide that question definitively this term. This Sixth Circuit, however, has held the doctrine applies to the habeas corpus statute of limitations adopted in the AEDPA and the same logic would apply to the § 2255 statute of limitations which was

---

[1]Defendant claims his conviction became final on January 9, 2008, but does not say how he calculated that date (Motion, Doc. No. 89, at 3). Presumably he was counting the ninety days from the Sixth Circuit's announcement of its decision (October 10, 2007) in which he could have filed a petition for writ of certiorari in the Supreme Court. Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Bowersox*, 159 F. 3rd 345 (8th Cir. 1998). Ninety days after October 10, 2007, is January 7, 2008, not January 9, 2008. The difference is immaterial for purposes of this Report.

adopted as part of the same act.

In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). "Absence of prejudice is to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004), *quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)(holding the statute itself gives notice that the statute begins to run at the conclusion of direct review and does not restart based on the intervening commencement of state collateral proceedings). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida,* 549 U.S. 327 (2007).

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v.*

*Burt*, 337 F.3d 638 (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

To support his claim for equitable tolling, Defendant asserts he had no knowledge of the deadline (Motion, Doc. No. 89, at 3). Defendant first discussed his case with another inmate about 1 ½ years before filing, but that inmate was transferred. *Id.* A second inmate assistant told him to get transcripts of the trial and a copy of the Court of Appeals decision which he tried unsuccessfully to do. *Id.* Finally he talked to the third inmate assistant who told him to file immediately and assisted him in preparing the Motion. He notes that neither his own lawyer, the prosecutor, this Court, or the Court of Appeals told him about the deadline. These are not compelling equitable considerations. Knowledge of the deadline was not beyond Defendant's control; had he asked the first inmate who assisted him and filed then, he would have been on time. Lack of the trial transcript is not an excuse as possession of the transcript is not necessary for filing a § 2255 Motion. The statute itself states that there is a one-year limitations period; even if he did not have access to a knowledgeable inmate assistant, Defendant would have had access to a copy of the statute itself.

Because Defendant has not shown entitlement to equitable tolling for a period as long a thirteen months, his Motion should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

March 12, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).