# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:04-cr-052

                                  District Judge Thomas M. Rose
- vs -                       Magistrate Judge Michael R. Merz

RANDY WHITE,

           Defendant.    :

## TRANSFER ORDER

This case is before the Court on Defendant's filing of a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 108).

Examination of the docket shows that Defendant previously filed a motion under § 2255 on February 25, 2010 (ECF No. 89). Judge Rose dismissed that motion with prejudice on May 12, 2010 (ECF Nos. 94 & 95). White appealed but the Sixth Circuit Court of Appeals dismissed his appeal. *United States v. White*, Case No. 10-4019 (6th Cir. Oct. 8, 2010) (unpublished; copy at ECF No. 98). Judge Rose later denied a motion for relief from judgment (ECF No. 106) and the Sixth Circuit denied him leave to file a second or successive § 2255 motion. *In re: Randy White*, Case No. 15-3616 (6th Cir. Feb. 10, 2016)(unpublished; copy at ECF No. 107).

In the instant Motion, White asks the Court to accept his motion for filing but then hold it in abeyance until such time as Ohio Adult Parole Authority Officers Sharlynn Key and Scott

1

Donley provide an affidavit supporting their "jurisdiction to search [White's] computer without a valid search warrant or any reasonable suspicion that said computer had contained [evidence of] crimes." (Motion, ECF No. 108, PageID 1520-21).

If this Court had jurisdiction to consider the instant Motion, the Magistrate Judge would recommend that it be denied on two bases. First of all, it raises Fourth Amendment claims which were already raised and decided by the Court when it denied White's Motion to Suppress (Entry and Order, ECF No. 48). Reconsideration of that claim is barred by *res judicata*. Second, the Motion is extremely untimely. White's time to file a § 2255 motion expired one year after his conviction became final on direct appeal on January 8, 2008. The instant motion was not filed until July 6, 2021, more than twelve years later.

However, the Court does not have jurisdiction to decide the Motion because it is a second or successive § 2255 motion which a district court can consider only with prior permission of the circuit court which White has not obtained. 28 U.S.C. § 2255(h); *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). The correct procedure is to transfer the case to the Sixth Circuit for its determination of whether White may file this second or successive § 2255 motion. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Accordingly, the Clerk is hereby ORDERED to transfer this case to the United States Court of Appeals for the Sixth Circuit for its consideration.

July 8, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

2